RECEIVED

John Amaral
595 N. La Cadena Drive
Colton, CA 92324
Ph 909-486-2187
Plaintiff In Pro Per
Fax 909-420-0178

2013 JAN 14 PM 2:19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

FILED
2013 JAN 16 PM 4:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RECEIVED
2012 DEC 27 PM 4:01
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

JOHN E. AMARAL,

    Plaintiff,

vs.

CITIGROUP, INC. dba CITIBANK, a New York Corporation; BANK OF AMERICA, A North Carolina Corporation; DISCOVER CARD FINANCIAL SERVICES CORPORATION, a Delaware Corporation; HSBC, a New York Corporation; CAPITAL ONE, a Virginia Corporation; J.P. MORGAN CHASE, INC., a New York Corporation; U.S. BANK, a Minnesota Corporation; DOES 1 THROUGH 100, inclusive,

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ED CV 13 - 00088 VAP (SPx)

Case No.:

VERIFIED COMPLAINT FOR DAMAGES

1. Negligence
2. Violation of Gramm-Leach-Bliley Act
3. Violation of Fair and Accurate Credit Transactions Act
4. Breach of Fiduciary Duty
5. Infliction of Emotional Distress
6. Unjust Enrichment

DEMAND FOR JURY TRIAL

IFP 5/21
LODGED
2013 JAN 14 PM 3:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.

Comes now Plaintiff, and alleges as follows:

1. This is a civil action seeking damages against Defendants for committing acts which deprived Plaintiff of rights under various Federal statutes and law and for refusing or neglecting to prevent such deprivations or denials to Plaintiff.

VERIFIED COMPLAINT - 1

## JURISDICTION AND VENUE

2. The court has jurisdiction of this action under the Federal Acts cited herein and under the diverse citizenship of the Parties hereto.

3. Venue is proper in the Central District of California since the acts and transactions complained of herein all occurred within this District.

## THE PARTIES

4. Plaintiff John Amaral (hereinafter "PLAINTIFF") is an individual residing in the City of Colton, County of San Bernardino, State of California.

5. Defendant CITIGROUP (hereinafter CITIGROUP) is the "parent" company of Citibank which is a financial institution incorporation in the State of New York.

6. Defendant BANK OF AMERICA (hereinafter B of A) is a financial institution incorporated in the State of North Carolina.

7. Defendant DISCOVER CARD FINANCIAL SERVICES CORPORATION (hereinafter "Discover") is a financial institution incorporated in the state of Delaware.

8. Defendant HSBC is a financial institution incorporated in the State of New York.

9. Defendant CAPITAL ONE is a financial institution incorporated in the State of Virginia.

10. Defendant J.P. MORGAN CHASE (hereinafter "Chase") is a financial institution incorporated in the State of New York.

11. Defendant U.S. Bank is a financial institution incorporated in the State of Minnesota.

12. The true names and capacities of defendants sued herein as Does 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will ask leave of the court to amend this complaint and to insert in lieu of such fictitious names and capacities of said fictitiously named defendants. Defendants Does 1 through 100 were agents, servants and employees of their co-defendants, and in doing the things hereinafter alleged were acting in the

scope of their authority as such agents, servants and employees, and with the permission and consent of their co-defendants. Plaintiff is informed and believes and thereon alleges that each defendant and all defendants at all times herein mentioned were the agents or employees of each other and in doing the things herein alleged were acting within the course and scope of such agency or employment for each and all defendants.

13. The Plaintiffs are informed and believe and based thereon allege, that at all times herein mentioned, said Defendants willfully formed, with deliberate design and purpose to, or did enter into a scheme to do the acts or omissions alleged herein, and did cause such acts or omissions to be done; that all of said acts or omissions were participated in and were done by said Defendants as steps to further such conspiracy, and for the unlawful purpose as set forth herein.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

14. On or about September 2011, Plaintiff filed a report for identity theft involving fraudulent use of his credit cards by his ex-girlfriend, with Defendant San Bernardino County Sheriff's Department by and through its agent Deputy Houston. The loss to Plaintiff at that time was around $4,000 to $5,000.

15. In or around May 2012, Plaintiff filed a subsequent report the San Bernardino Sheriff's Department by and through its agent Deputy Barnes, alleging that the identity theft and fraudulent use of the credit cards had continued and was not a loss of approximately $70,000 to Plaintiff.

16. Plaintiff has been the victim of identity theft by his ex-girlfriend, to whom he has never given permission to use the above-referenced accounts or act in his stead in obtaining information regarding said accounts. Despite, this, the Defendants, and each of them, continued

to permit an unauthorized agent, namely Corrine Koster, to access, use and obtain credit from the accounts established for the sole use and benefit of Plaintiff.

17. Prior to reporting the use of his accounts and subsequent loss incurred thereby, Plaintiff reported the unauthorized use of the accounts to each of the Defendants. Plaintiff also disputed any and all charges made by the unauthorized user, namely, Corrine Koster.

## NEGLIGENCE

18. Plaintiff re-alleges and incorporates herein by this reference as if fully set forth herein, paragraphs 1 through 17.

19. These named Defendants owe a duty of care to Plaintiff, by virtue of their status as financial institutions and having entered into a fiduciary relationship with Plaintiff by having issued credit and said duties have been breached by each so named Defendant.

20. As a direct and proximate cause of this breach, Plaintiff has incurred financial and emotional injuries which give rise to this complaint. Furthermore, the act or omissions made by Defendants, and each of them, are the proximate and legal cause of damages to Plaintiff and the direct and causal result of continued damages to Plaintiffs in an amount, to date of approximately $70,000.00 for their failure to perform their duties to investigate the commission of a crime and for failing and refusing to reverse any and all disputed charges.

## VIOLATION OF THE GRAMM-LEACH-BLILEY ACT

21. Plaintiff re-alleges and incorporates herein by this reference as if fully set forth herein, paragraphs 1 through 20.

22. The Gramm-Leach-Bliley Act, also known as the Financial Modernization Act of 1999, is a Federal Laew enacted by the United States to control the ways that financial institutions deal with the private information of individuals.

23.     Defendants, and each of them, have in the course of their conduct, violated the provisions and protections of this Act by negligently failing to protect the private identifying information of Plaintiff and by permitting the unauthorized access of an individual, other that Plaintiff, to use such information for a fraudulent purpose, thereby damaging Plaintiff.

24.     The Defendants conduct in violating the Act is the direct and proximate cause of damages to Plaintiff in an amount to be determined at trial.

### VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTION ACT

25.     Plaintiff re-alleges and incorporates herein by this reference as if fully set forth herein, paragraphs 1 through 24.

26.     The Fair and Accurate Credit Transaction Act is a provision enacted by the Federal Trade Commission to prevent identity theft and fraud against consumers.

27.     Defendants, and each of them, have in the course of their conduct, violated the provisions and protections of this Act by negligently failing to protect the private identifying information of Plaintiff and by permitting the unauthorized access of an individual, other that Plaintiff, to use such information for a fraudulent purpose, thereby damaging Plaintiff.

28.     The Defendants conduct in violating the Act is the direct and proximate cause of damages to Plaintiff in an amount to be determined at trial.

### BREACH OF FIDUCIARY DUTY

29.     Plaintiff re-alleges and incorporates herein by this reference as if fully set forth herein, paragraphs 1 through 28.

30.     A fiduciary duties may also be implied in law, regardless of whether contractual relations or formal writings exist or a statute imposes such a duty, when one party relies on another to act on the party's behalf and to look out for its best interests. This requires proper

factual allegation of dependency by the party and an undertaking by the other side to advise, counsel, protect, or benefit the dependent party.

Black's defines a "fiduciary" as:

[a] person *holding the character of a trustee, or a character analogous to that of a trustee*, in respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires ... [a] person having [a] duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking...a person having duties involving good faith, trust, special confidence, and candor towards another.

31.     The Defendants, and each of them, by virtue of being financial institutions, owed a duty to Plaintiff, in protecting his interests and identity.  In addition to a duty of loyalty, a fiduciary also owes a duty of care to carry out its responsibilities in an informed and considered manner and to act as an ordinary prudent person would act in the management of his or her own affairs. If the fiduciary has special skills, or becomes a fiduciary on the basis of representations of special skills or expertise, the fiduciary is under a duty to use those skills.

32.     By their actions and conduct, Defendants, and each of them, have breached said fiduciary duty owed to Plaintiff and such acts and conduct are the direct and proximate cause of damages to Plaintiff, in an amount to be determined at trial.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     Plaintiff re-alleges and incorporates herein by this reference as if fully set forth herein, paragraphs 1 through 32.

34.     Defendants intentional and tortuous conduct has inflicted severe emotional distress upon Plaintiff, including but not limited to, grief, humiliation, worry and reckless invasion of his mental and emotional tranquility.

35.     Defendants' conduct as alleged herein is the direct and proximate cause of damages to Plaintiff.

## UNJUST ENRICHMENT

36. Plaintiff re-alleges and incorporates herein by this reference as if fully set forth herein, paragraphs 1 through 35.

37. Plaintiff, in an effort to protect his credit rating, continues to make minimum payments on the accounts of each defendant, even though any such services being claimed on such accounts were never received by Plaintiff, nor did Plaintiff benefit from any products, goods or services which were disputed with each Defendant prior to the filing of this suit.

38. As a result thereof, Defendants, and each of them, have been unjustly enriched at the detriment to Plaintiff.

## DEMAND FOR JURY

39. Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court will issue:

1. Preliminary and permanent injunctions enjoining and restraining Defendants from pursuing any further payment(s) from Plaintiff;

2. A declaratory judgment adjudging the customs, practices and procedures purportedly utilized by Defendants as being a breach of fiduciary duty and thus void;

3. Preliminary and permanent injunctions enjoining and restraining the Defendants from furthering their conspiracy aimed at protecting the business interests and advantages of defendants;

4. General and special damages in an amount according to proof of ONE MILLION DOLLARS ($1,000,000.00)

5. Attorney fees and costs;

6. Any such further relief as this Court deems just and proper.

Dated: October 25, 2012

By: _____
JOHN AMARAL, Plaintiff In Pro Per

## VERIFICATION

I, JOHN AMARAL, declare that I have read the within Complaint for Damages and know of its content. I further declare that all facts contained herein are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Dated: 10-23, 2012

_____
JOHN AMARAL, Plaintiff In Pro Per



United States District Court
Attn: Court Clerk
3470 Twelfth St. Rm. 134
Riverside, Ca. 92501

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge <u>Virginia A. Phillips</u> and the assigned discovery Magistrate Judge is <u>Sheri Pym</u>.

The case number on all documents filed with the Court should read as follows:

**EDCV13-00088 VAP (SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Rm 1-053
Santa Ana, CA 92701-4516

☑ **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (01/09)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: JOHN AMARAL
595 N. La Cadena Drive
Colton, CA 92324
909-486-2187 ph
909-420-0178 Fax
No email

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JOHN AMARAL | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | ED CV 13 - 00088 VAP SPx |
| v. | |
| Citigroup, Inc. dba Citibank, a New York Corporation; Bank of America, [Defendants continued on attachment] | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __John Amaral__, whose address is __595 N. La Cadena Dr. Colton, CA 92324__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN 16 2013__    By: _____
                                Deputy Clerk

                                (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)    SUMMONS

FOR OFFICE USE ONLY

| PETITIONER/PLAINTIFF: JOHN AMARAL<br>RESPONDENT/DEFENDANT: CITIGROUP et al | CASE NUMBER: |
|---|---|

ATTACHMENT TO SUMMONS (CV-01A)

DEFENDANTS CONTINUED:
A North Carolina Corporation;
DISCOVER CARD FINANCIAL SERVICES CORPORATION, a Delaware Corporation;
HSBC, a New York Corporation;
CAPITAL ONE, a Virginia Corporation;
J.P. MORGAN CHASE, INC., a New York Corporation;
U.S. BANK, a Minnesota Corporation;
DOES 1 THROUGH 100, inclusive,